UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIDDHI SUB. LLC, YAMINI PATEL, HUDSON DONUT, LLC and CRM RESTAURANT PARTNERS, LLC.<br><br>  Plaintiffs,<br><br>v.<br><br>ONE EXCHANGE JC LLC,<br><br>  Defendant. | Civil Action No.: 12-42<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

**THIS MATTER** comes before the Court upon Plaintiffs' emergent application for an order to show cause and temporary restraints. Plaintiffs are commercial tenants in an office building at One Exchange Place, Jersey City, NJ, (the "Property") which was the subject of a foreclosure action before Judge Hochberg, captioned as *One Exchange JC LLC v. One Exchange Place Assocs. LLC*, No. 09-2353 (the "Prior Action"). Plaintiffs were not parties to the Prior Action. Judge Hochberg granted foreclosure and appointed a receiver with the power to manage the property, including the power to terminate lease agreements and evict persons in unlawful possession. Defendant is the assignee of the former mortgage holder's interest in the foreclosure judgment. Plaintiffs allege the Receiver has stopped accepting rent payments from the Plaintiffs and notified

1

Plaintiffs of its intent to terminate their lease agreements. At some point, it also appears that Defendant began formal proceedings to dispossess Plaintiffs in the Superior Court of New Jersey, Law Division: Special Civil Part, Hudson County (the "Eviction Actions").

Plaintiffs now seek to intervene in the Prior Action pursuant to Federal Rule of Civil Procedure 24 and to file a complaint against Defendant alleging various causes of action under state law arising from their evictions. By way of their application for emergent relief, Plaintiffs also seek an order: (1) temporarily restraining Defendant from terminating Plaintiffs' lease agreements or evicting them; (2) temporarily restraining Defendant from continuing to prosecute the Eviction Actions; (3) temporarily restraining the Superior Court of New Jersey, Law Division from further proceedings in the Eviction Actions; (4) setting a briefing schedule for a motion for preliminary injunction under Federal Rule of Civil Procedure 65 for further injunctive relief.

This Court recognizes its responsibility to *sua sponte* determine its subject matter jurisdiction, *see, e.g., Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010). Here, the Court finds that it lacks subject matter jurisdiction to grant the relief requested by Plaintiffs or hear this matter further.

First, intervention under Rule 24 is wholly improper. For a non-party to be permitted to intervene under Rule 24(a)(2), the Court looks to the four factors

recognized in *Mountain Top Condominium Ass'n v. Dave Stabber Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995) ("(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."). Here, Plaintiffs have failed to show that any interests they may have are, or will be, sufficiently impaired. While Judge Hochberg's order in the Prior Action certainly empowers the Receiver to manage the property, the Court does not interpret the order as unilaterally terminating existing lease agreements. Rather, it empowers the Receiver to terminate lease agreements in accordance with applicable law. Plaintiffs argue that under applicable law – in this case, state law – the Receiver improperly exercised those powers. There is no reason that these Plaintiffs could not adjudicate their rights in a separate judicial proceeding – perhaps even the pending Eviction Actions – and so intervention is not warranted under Rule 24(a)(2). *See, e.g.*, *Shea v. Angulo*, 19 F.3d 343, (7th Cir. 1994) (holding lawsuit did not sufficiently impair non-party's interest where non-party remained free to pursue separate action regardless of lawsuit's outcome); *see also* 7C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1908.2 (3d ed. 2007) (discussing impairment prong of Rule 24(a)(2) analysis). Nor do Plaintiffs' allegations warrant permissive intervention under Rule 24(b)(2)

because there are no common questions of law or fact. Plaintiffs rights under their lease agreements and state law to challenge their eviction or the termination of their lease agreements were not at issue in the Prior Action.

Second, because intervention is improper, the Court lacks subject matter jurisdiction over the separate action Plaintiffs filed. Every one of Plaintiffs' claims arises under state law, so the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. And the parties are not completely diverse – based on the allegations of the Complaint, all parties reside in New Jersey – so the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Third, under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court generally lacks the authority to stay any state court proceedings, including the Eviction Actions. *Id; see also U.S. Steel Corp. Plan for Emp. Ins. Benefits v. Musisko*, 885 F.2d 1170, 1175 (3d Cir. 1989) (holding plaintiff cannot evade 28 U.S.C. § 2283 by making request for injunction against party instead of against state court). Plaintiffs fail to even argue that any exception to this statute applies nor is this Court aware of any. Thus, even if this Court had subject matter jurisdiction to hear the new claims or allowed Plaintiffs to intervene in the Prior Action, it would lack the ability to stay the Eviction Actions.

For the foregoing reasons and for good cause shown;

**IT IS** on this 6th day of January, 2012, hereby,

**ORDERED** that Plaintiffs' application is **DENIED** in its entirety.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**